# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDGAR LANCE BUFFINGTON and ) <br> RICHARD BUFFINGTON, ) <br>                                    ) <br> Plaintiffs,         ) <br>                                    ) <br> vs.                                ) <br>                                    ) <br> UNITED LEASE AND FINANCE, INC., ) <br> a foreign corporation; and ROLLING HILLS ) <br> TRUCKING, INC.; a foreign corporation, ) <br>                                    ) <br> Defendants.         ) | Case No. 07-CV-579-GKF-SAJ |

## OPINION & ORDER

This matter comes before the court on the Renewed Motion to Dismiss for Lack of Personal Jurisdiction filed by defendant United Lease and Finance, Inc. (United Lease) [Document No. 30].

Due process requires that "in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

United Lease is a North Dakota corporation with its principal place of business in Fargo, North Dakota. It owns a semi-tractor and flatbed trailer that forced plaintiffs' vehicle into a concrete barrier when changing lanes on Interstate 244 Eastbound in Tulsa, Oklahoma, on June 21, 2007. United Lease is not engaged in the commercial trucking business. The driver of the semi-tractor and trailer, Thomas Priestley (Priestley),[1] had leased the rig from United Lease on April 27, 2007, and

---

[1] Plaintiffs initially sued Priestley in this action, but dismissed him as a defendant on January 30, 2008. [Document No. 22].

allegedly entered into a lease/operator arrangement with defendant Rolling Hills Trucking, Inc. (Rolling Hills).

Plaintiffs Edgar Lance Buffington and Richard Buffington (the Buffingtons) do not contend that this court may exercise *general personal jurisdiction* over United Lease based on alleged "continuous and systematic general business contacts" with the State of Oklahoma. Rather, the Buffingtons contend that this court has *specific personal jurisdiction* over United Lease.

The Tenth Circuit Court of Appeals has outlined two steps involved in specific jurisdiction inquiry. *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007). First, the court asks whether the nonresident defendant has "minimum contacts" with the forum state such " 'that he should reasonably anticipate being haled into court there.' " *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir.1998) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Second, if the defendant has sufficient minimum contacts, the court asks whether the "exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.' " *Id.* (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Cal.,* 480 U.S. 102, 113 (1987)).

The determination of whether a nonresident defendant has minimum contacts sufficient to support a court's exercise of personal jurisdiction depends on the particular facts of each case. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1076 (10th Cir. 2004). A nonresident defendant has "minimum contacts" with the forum state when he "should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. A defendant may reasonably anticipate being subject to suit in the forum state "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to'

those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (internal citation omitted); *see also Hanson v. Denckla,* 357 U.S. 235, 253 (1958) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State.")

The "Vehicle Lease Agreement" between United Lease and Priestley lists Priestley's address as Box Elder, South Dakota, and provides that United Lease accepted the lease in Fargo, North Dakota. The Buffingtons do not contest that United Lease has no offices, customers, operations, or any other commercial involvement in Oklahoma. Nor do they provide any evidence that United Lease exercises direction or supervision over Priestley or Rolling Hills.

The Buffingtons argue that United Lease contemplated the use of the tractor-trailer throughout the United States and Canada insofar as the Lease prohibited the use of the vehicle outside those countries. They concede that foreseeability alone is not a sufficient benchmark for personal jurisdiction under the Due Process Clause,[2] but argue that, unlike the regional Audi distributor in *World-Wide Volkswagen*, United Lease is able to control where it is subject to suit by restricting the use of the leased vehicle to certain jurisdictions. The argument fails for at least two reasons. First, the absence of territorial restrictions in a lease agreement falls short of establishing that a defendant has purposefully directed its activities at the forum. Second, the "Use of Vehicle" provision in the lease agreement is not the proximate cause of any injuries suffered by the Buffingtons. In other words, the alleged injuries did not arise out of or relate to United Lease's restriction on the vehicle's use outside the United States and Canada. Therefore, this litigation

---

[2] "If foreseeability were the criterion . . . [e]very seller of chattels would in effect appoint the chattel his agent for service of process. His amenability to suit would travel with the chattel." *World-Wide Volkswagen*, 444 U.S. at 296.

cannot be said to have resulted from injuries that "arise out of or relate to" United Lease's conduct and connection, if any, with Oklahoma. The mere possibility that the tractor-trailer rig might find its way into Oklahoma is not enough.[3]

The Buffingtons also argue that United Lease "contemplated its exposure to liability anywhere in the United States its semi-tractors and trailers traveled" by requiring that Priestly maintain public liability and property damage insurance on the vehicle. United Lease is the Certificate Holder of an insurance policy on which Rolling Hills is the insured, but United Lease is only entitled as loss payee to insurance proceeds in amounts equal to the values of the semi-tractor and the trailer. United Lease's status as loss payee on the policy does not constitute a sufficient minimum contact to support an Oklahoma court's exercise of personal jurisdiction.

Upon review of the motions and evidentiary materials appended thereto, this court finds and concludes that the Buffingtons have produced no evidence indicating that United Lease has "purposefully directed" its activities at residents of Oklahoma, or that the litigation results from alleged injuries that "arise out of or relate to those activities." This court finds and concludes that defendant United Lease does not have sufficient minimum contacts with the State of Oklahoma such that it should reasonably anticipate being haled into court here. The court therefore need not address the second prong of the specific jurisdiction inquiry.

---

[3]Since 2005, federal statutory law specifically provides that an owner of a leased vehicle "shall not be liable under the law of any State" for harm to persons or property that results from the operation of the vehicle if (1) the owner is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner. 49 U.S.C. § 30106 (also known as the Graves Amendment). *But see Vanguard Car Rental USA, Inc. v. Drouin*, 521 F. Supp. 2d 1343, 1344 (S.D. Fla. 2007)(holding Graves Amendment unconstitutionally exceeded Congress's powers under the Commerce Clause). The Graves Amendment is not directly relevant to the specific jurisdiction inquiry raised in the Motion to Dismiss, but is sufficiently related to be of interest in this case.

WHEREFORE, the Renewed Motion to Dismiss for Lack of Personal Jurisdiction of defendant United Lease and Finance, Inc. [Document No. 30] is granted.

IT IS SO ORDERED this 15th day of July 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma